## Commonwealth v. Bergenfield

*Joseph F. Tedesco*, for Commonwealth.

*Irving Epstein*, for petitioner.

Lewis, J., February 28, 1940.—Defendant in the above-stated case has appealed to this court from the action of the Secretary of Revenue suspending the privilege of said defendant to operate a motor vehicle. In his petition he sets forth that he was notified by the Secretary of Revenue to appear in the courthouse at Scranton, Pa., on September 8, 1939, at 9 a.m., to answer alleged charges of reckless driving; that in compliance with said notice he appeared before a representative of the Secretary of Revenue; and that on October 19, 1939, he received a notice by registered mail from the Secretary of Revenue notifying him that his operator's license no. 40841 had been sus-

pended for a period of three months and directing him to return his operator's license; and that the reason given for said suspension was that he was involved in an accident resulting in fatal injury.

A hearing was held on said appeal on December 15, 1939. One witness only, Peter S. Zenker, was called on the part of the Commonwealth. This witness was the driver of the W. P. A. truck involved with the truck driven by defendant in the accident which resulted fatally to Robert Craig, who was at the time employed in construction work on Route 309, commonly known as the Scranton-Pocono Highway. Two witnesses were called on the part of defendant. At the conclusion of the hearing on December 15, 1939, on request of the Commonwealth, the hearing was continued so that other witnesses could be called upon the part of the Commonwealth. Recently, the court was notified that no further evidence would be produced upon the part of the Commonwealth, and an agreement was made by and between counsel for the Commonwealth and counsel for defendant that the appeal should be disposed of on the testimony produced at the hearing on December 15, 1939.

We have carefully considered the evidence on the part of the Commonwealth and have reached the conclusion that the record discloses no violation of the motor laws of this State nor any culpability on the part of defendant.

The only witness called on the part of the Commonwealth testified that he was at the time of the fatal accident engaged with decedent in covering the truck with a canvas cover for the purpose of protecting the W. P. A. workers who were to be conveyed in said truck to their homes at the end of their daily work. He testified that he did not see defendant operate his truck. He admitted that the paved portion of the highway in the vicinity of the accident was wet and partially covered with dirt.

Michael Krause, the first witness called on behalf of defendant, testified that he was driving in the rear of defendant immediately before the accident, and that de-

fendant was driving carefully and at a speed not in excess of 15 miles per hour; that the paved roadway was wet and partially covered with clay; and that immediately preceding defendant near the scene of the accident there were other motor vehicles traveling in the same direction and towards the City of Scranton. Edward Vieczorek, a State highway patrolman, corroborated the last-named witness as to the condition of the weather and the condition of the highway.

We have thoroughly examined the entire testimony and nowhere do we find a scintilla of evidence which warrants the conclusion that defendant was culpable or negligent.

It is not denied by defendant that the accident occurring on this highway on April 19, 1939, resulted in the death of the said Robert Craig. The Commonwealth urges that having established the fatal accident, section 615 (b) 4 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, which reads as follows:

"The secretary may suspend the operator's license . . . of any person, after a hearing before the secretary or his representative . . . whenever the secretary finds upon sufficient evidence. . . .

"4. That such person was operating any motor vehicle involved in an accident resulting fatally to any person"; is sufficient to warrant the action of the Secretary of Revenue in such suspension.

The Commonwealth contends that under the ruling in Commonwealth v. Wilson, 29 D. & C. 255, the Secretary of Revenue was justified in his action. In that case it was held that:

"The Secretary of Revenue may, under section 615 (b) 4 of The Vehicle Code of May 1, 1929, as amended, suspend the operator's license or learner's permit of any person who was operating a motor vehicle involved in an accident resulting fatally to any person, after due hearing, regardless of whether the operator was guilty of negligence, criminal or otherwise."

We are not in accord with the views expressed in that case, and we have decided as a matter of reason and justice to follow the reasoning set forth in Commonwealth v. Schmitt, 19 D. & C. 53, where it was held that before a license should be revoked the fault or negligence of the driver should be established.

We are impressed with the reasoning of Judge Swoyer to the same. effect as expressed in his opinion reported in the case of Commonwealth v. Szumski, 32 D. & C. 583, which reasoning is in accord with justice and convincing. We are in full agreement with the views therein expressed and are satisfied that the legislature never intended to punish or penalize an innocent party or one who is without culpability.

Therefore, now, February 28, 1940, the appeal is hereby sustained, the order of the Secretary of Revenue suspending defendant's operating privilege for a period of three months is hereby reversed, and the operating privilege is reinstated.